■ In the Matter of THEODORE FRASER, Appellant, v HOW-ARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [723 NYS2d 460] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered February 15, 2000, which denied petitioner's application to annul respondents' determination terminating petitioner's employment as a probationary police officer, and dismissed the petition, unanimously affirmed, without costs.

In March 1997, a few months before the June 1997 sick leave violations for which petitioner was summarily terminated, a disciplinary hearing was conducted in which petitioner was found to have willfully failed to comply with a subpoena to appear in court. That hearing resulted in a July 1997 recommendation of dismissal from the Department with the penalty held in abeyance for a probationary period of one year. On the very day that petitioner's probationary status commenced, September 12, 1997, petitioner's dismissal was recommended based on his June 1997 violations of sick leave rules, his substantial disciplinary record and the misconduct that gave rise to the probation. We reject petitioner's contention that his dismissal based upon alleged violations of sick leave rules that occurred before the commencement of his probationary period shows bad faith. Termination within the probationary period may be validly based on misconduct predating the commencement of the probationary period (*Matter of Garrett v Safir,* 253 AD2d 700, *lv denied* 92 NY2d 817). Significantly, while the sick leave violations occurred a few months before the start of petitioner's probationary status, they also occurred after the completion of the disciplinary hearing on the prior charges, albeit before the decision was rendered. Such circumstances, without more, do not show bad faith, absent which petitioner was not entitled to a hearing on the sick leave charges. Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.